UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    CHESNEL EDMOND,<br>        *Debtor* | Case No.: 12-32141 (AMN)<br>Chapter 13 |
| CHESNEL EDMOND,<br>        *Plaintiff*<br>v.<br>KEY BANK, N.A., AS SUCCESSOR BY MERGER TO FIRST NIAGARA BANK, N.A.,<br>        *Defendant* | Adv. Pro. No. 19-3020 (AMN)<br><br><br><br><br>ECF No. 1 |

## **SCHEDULING ORDER**

On October 15, 2019, the plaintiff, Chesnel Edmond, commenced this adversary proceeding against the defendant, Key Bank, N.A., as Successor by Merger to First Niagara Bank, N.A. During a pre-trial conference held on January 10, 2020, the parties expressed an interest in attempting to settle this adversary proceeding by mediation. The parties requested the court stay by sixty (60) days the deadlines set forth in the parties' Proposed Pre-Trial Order and Joint Report of Rule 26(f) Planning Conference, ECF No. 13, except for the plaintiff's agreed requirement to provide a settlement demand by January 21, 2020 and the defendant's agreed requirement to provide a response by February 4, 2020.

**ACCORDINGLY, it is hereby**

**ORDERED**: That, on or before January 31, 2020, the parties shall each, with their counsel, execute and file the Stipulation Regarding Mediation, attached hereto as **Exhibit A**; and it is further

**ORDERED**: That, the dates and deadlines set forth in the parties' Proposed Pre-Trial Order and Joint Report of Rule 26(f) Planning Conference, ECF No. 13, are modified and extended at least sixty (60) days, as set forth herein, to accommodate a temporary stay for mediation; and it is further

**ORDERED**: That, on March 25, 2020, at 3:00 p.m., a status conference shall be held to discuss the status of the mediation, and a resolution, if any; and it is further

**ORDERED**: That, on or before March 30, 2020, the parties shall serve their initial disclosures required by Fed.R.Civ.P. 26(a)(1); and it is further

**ORDERED**: That, on or before March 30, 2020, any amendments to the pleadings shall be filed; and it is further

**ORDERED**: That, on or before March 30, 2020, the plaintiff and defendant, if it has a counterclaim for damages, shall provide a damages analysis; and it is further

**ORDERED**: That, discovery, except for depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced after March 30, 2020 and shall be completed, not just propounded by December 28, 2020; and it is further

**ORDERED**: That, on or before March 31, 2020, the parties shall agree on specific procedures regarding electronic discovery; and it is further

**ORDERED**: That, on January 5, 2021, at 2:00 p.m., a continued Pre-Trial Conference shall be held to discuss the need for expert witness discovery, the deadline for dispositive motions, and a scheduling leading to trial.

Dated this 13th day of January, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    CHESNEL EDMOND,<br>        *Debtor* | Case No.: 12-32141 (AMN)<br>Chapter 13 |
| CHESNEL EDMOND,<br>        *Plaintiff*<br>v.<br>KEY BANK, N.A., AS SUCCESSOR BY MERGER TO FIRST NIAGARA BANK, N.A.,<br>        *Defendant* | Adv. Pro. No. 19-3020 (AMN) |

### **STIPULATION REGARDING MEDIATION**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept a United States Bankruptcy Judge who is not the trial judge in this adversary proceeding to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have the authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals that are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the presiding judge (in this case, Judge Ann M. Nevins) any matters which are disclosed to him by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding related to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

**Plaintiff**

Dated: _____   _____
Chesnel Edmond

**Plaintiff's Counsel**

Dated: _____   _____
David Lavery, Esq.

Dated: _____   _____
Reine C. Boyer, Esq.

**Defendant**

Dated: _____ _____
Key Bank, N.A. as Successor by Merger
To First Niagara Bank, N.A.

**Defendant's Counsel**

Dated: _____ _____
Jennifer Maffett-Nickelman, Esq.
Rebecca Brazzano, Esq.